UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EJS HOLDING, LLC, EJK, LLC, and 18211, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:16-cv-01514-NCC<br>) |
| THE CINCINNATI INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs EJS Holding, LLC, EJK, LLC, and 18211, LLC's (collectively "Plaintiffs") Motion to Remand (Doc. 11). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. 13). For the following reasons, Plaintiffs' Motion will be **GRANTED** and the case shall be **REMANDED**.

### I. Background

On April 8, 2016, Plaintiffs filed a Petition for Breach of Contract (Count I) against Defendant The Cincinnati Insurance Company ("Cincinnati Insurance") in the Circuit Court of Saint Louis County, Missouri (Case No. 16SL-CC01319) for allegedly failing to provide coverage under insurance policy # ECP/EBA 0204 72 08 for "loss of business income due to a direct physical loss to property" (Doc. 7 at 1). On August 12, 2016, Plaintiffs filed a First Amended Petition to add a vexatious refusal to pay claim pursuant to Missouri Revised Statute § 375.420 (Count II) (Doc. 8 at 2). Relevant to the current Motion, Plaintiffs' First Amended Petition indicates that "Plaintiffs were damaged in an amount that has not been indemnified of

$75,000 . . . [i]n addition, this refusal to pay the value of the damage was vexatious and in bad faith . . . thereby entitling plaintiffs to the penalties set forth in Mo. Rev. Stat. § 375.420, including attorneys' fees" (*Id.*). In their prayer for relief, Plaintiffs seek "this court enter judgment against defendant in an amount in excess of $25,000.00 but not more than $75,000, pre- and post [sic] judgment interest, costs, and any other relief this Court deems just and proper" (*Id.*).

Cincinnati Insurance removed Plaintiffs' action to this Court on September 23, 2016, based on diversity jurisdiction. On October 17, 2016, Plaintiffs filed a Motion to Remand (Doc. 11). In support of the Motion to Remand, Plaintiffs submitted an April 6, 2016 affidavit signed by Plaintiffs' representatives stating: "Come now Plaintiffs in the attached cause of action, and affirm they will not seek more than $75,000, exclusive of interests and costs, in that action" (Doc. 12-1). In its Notice of Removal, Cincinnati Insurance argues that the amount in controversy exceeds $75,000 because Plaintiffs' Amended Petition indicates that Plaintiffs seek to recover $75,000 for their claim of failure to indemnify, plus additional damages based on a claim for vexatious refusal to pay (Doc. 1 at 2). Furthermore, in its response to the Motion to Remand, Cincinnati Insurance asserts that while the original Petition included the affidavit signed by the Plaintiffs, Plaintiffs' subsequent First Amended Petition did not include such an affidavit and, therefore, the affidavit has been abandoned (Doc. 14 at 5).

**II. Analysis**

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *In re Minnesota Mut.*

*Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "To meet this burden, the defendant must present some specific facts or evidence." *Harris v. Transamerica Life Ins. Co.*, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014) (internal quotation marks omitted). This evidence may include settlement offers by the plaintiff exceeding the jurisdictional amount. *See McGuire v. J.B. Hunt Transp., Inc.*, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2014) ("[A]lthough the existence of a settlement demand does not resolve the [amount in controversy] issue, it is relevant.").

Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Green v. Dial Corp.*, 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing *Bell*, 557 F.3d at 956). A plaintiff can meet that burden with a "binding stipulation that limits the plaintiff's recovery of damages." *Id.* (citing *Neighbors v. Muha*, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005)). Doubts concerning federal jurisdiction are resolved in favor of remand. *Bell*, 557 F.3d at 956.

Cincinnati Insurance has failed to establish by a preponderance of the evidence that the amount in controversy in this case is more than $75,000. On the face of the First Amended Petition, the amount in controversy is unclear. While Plaintiffs request "judgment against defendant in an amount in excess of $25,000.00 but not more than $75,000," elsewhere in their First Amended Petition they include language indicating they may seek $75,000 "[i]n addition to" the penalties provided by Missouri Revised Statute § 375.420, which would necessarily exceed $75,000 (Doc. 8 at 2). When, as is the case here, a petition is unclear regarding the amount in controversy and the prayer for relief indicates that plaintiffs seek less than the jurisdictional amount, the burden rests with the removing party to establish that the amount in controversy exceeds $75,000. However, Cincinnati Insurance does not provide any specific facts

3

or evidence in support of its claim.  Finally, although Plaintiffs need not establish to a legal certainty that their claims remain under the amount in controversy threshold in light of Cincinnati Insurance's failure to meet its burden, the Court notes that the affidavit attached to the original Petition would not meet the legal certainty standard upon the subsequent filing of an amended petition, especially one, such as here, that includes an additional count and a potential request for additional relief.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of Saint Louis County, Missouri.  A separate order of remand will accompany this Memorandum and Order.

Dated this 16th day of November, 2016.

   /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE